## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| **QUNESHIA RAWLS**,<br>Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CONVERGENT OUTSOURCING, INC.**,<br><br>　　　　　Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Quneshia Rawls ("Rawls") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Convergent Outsourcing, Inc. (hereinafter "Defendant" or "Convergent"), anywhere in the United States, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.　　This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and other applicable penalties.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for Convergent either in call centers or from home, anywhere in the United States, and have not been paid for all hours worked nor the proper amount of overtime in violation of the FLSA.

3.      Specifically, Convergent has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees[1]—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.      Convergent's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Convergent knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

---

[1] Call-center employees means all hourly, non-exempt employees who performed their work for Convergent through a computer, handling customer phone calls, emails, and/or chat support at a Convergent call center or from home.

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.      Plaintiff Quneshia Rawls ("Rawls") was employed by Convergent during the relevant time period. Plaintiff Rawls did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

11.      The FLSA Collective Members are those current and former hourly call-center employees who were employed by Convergent, anywhere in the United States, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

12.      Defendant Convergent Outsourcing, Inc. ("Convergent") is a Foreign For-Profit Corporation, licensed to and doing business in the State of Texas, and may be served with process through its registered agent for service of process: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

13.      This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14.      This Court has personal jurisdiction over Convergent because the cause of action arose within this District as a result of Convergent's conduct within this District and Division.

15.      Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[2] The written consent of Quneshia Rawls is hereby attached as Exhibit "A."

16.     Specifically, Convergent has maintained a working presence throughout Texas (and the United States), which is within this District and Division.

17.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

18.     Convergent is a global customer engagement and contact center that provides customer services, technical support services, and sales and marketing support to its business clients.[3]

19.     To assist its clients, Convergent employs thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist Convergent's customers and clients.

20.     Plaintiff and Putative Class Members worked for (and continue to work for) Convergent either in call centers owned and operated by Convergent or remotely from home throughout the United States.

21.     Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Convergent's customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

22.     Plaintiff Rawls was employed by Convergent from approximately August 2015 until April 2020.

23.     Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

24.     Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

---

[3] http://convergentbpo.com/who-we-are/.

25.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members regularly worked twenty (20) minutes, and up to two (2) hours, "off-the-clock" per week and have not been compensated for that time.

### *Unpaid Start-Up Time*

26.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Convergent as a result of Convergent's corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

27.     Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails/alerts, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

28.     If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

29.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

30.     Therefore, the only way a Putative Class Member can be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

31.     During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### *Unpaid Work During Meal Period Breaks*

32.     Convergent provides Plaintiff and the Putative Class Members with one unpaid thirty-minute meal break each day.

33.     However, Convergent requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal breaks.

34.     Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an "aux mode" and then log off of their computer prior to leaving their desk for their meal break.

35.     Plaintiff and the Putative Class Members were required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break ended.

36.     The log off process used prior to taking a meal break took (and continues to take) anywhere from one to three minutes each day.

37.     The log in process used after returning from a meal break took (and continues to take) take anywhere from another one to three minutes each day.

38.     This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break pursuant to Convergent's policy.

### *Unpaid Technical Downtime*

39.     Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them or perform extensive troubleshooting, which took anywhere from ten (10) minutes to several hours each time.

40.     According to Convergent's policy, Plaintiff and the Putative Class Members were to clock out and continue troubleshooting until they could bring their system back online and begin making phone calls, at which point they could clock back in.

41.     Plaintiff and the Putative Class Members were not compensated for the time they worked for Convergent rebooting and/or troubleshooting Convergent's computers after they crashed or experienced other technical difficulties.

### *Unpaid Rest Breaks Lasting Twenty Minutes or Less*

42.     In addition, Convergent also enforced a uniform company-wide policy wherein it improperly required Plaintiff and the Putative Class Members to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

43.     Convergent permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside of the two fifteen-minute breaks.

44.     Additionally, if Plaintiff or the Putative Class Members exceeded their fifteen-minute breaks, supervisors would clock them out.

45.     As a result of Convergent's corporate policies and practices requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch breaks, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46.     Convergent has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

47.     Convergent is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

48.     Because Convergent did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Convergent's pay policies and practices willfully violate the FLSA.

**V.**
**CAUSE OF ACTION**

49.     Paragraphs 1–48 are fully incorporated herein.

**A.     FLSA COVERAGE**

50.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CONVERGENT OUTSOURCING, INC. ("FLSA Collective" or "FLSA Collective Members").**

51.     At all times hereinafter mentioned, Convergent has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52.     At all times hereinafter mentioned, Convergent has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

53.     At all times hereinafter mentioned, Convergent has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54.     Convergent employed (and continues to employ) at least two or more workers— Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

55.     In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of Convergent who assisted Convergent's customers who live throughout the United States. 29 U.S.C. § 203(j).

57.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

58.     In violating the FLSA, Convergent acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

59.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

60.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Convergent.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

61.     Convergent violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

62.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Convergent's acts or omissions as described herein; though Convergent

is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

63. Moreover, Convergent knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

64. Convergent knew or should have known its pay practices were in violation of the FLSA.

65. Convergent is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

66. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Convergent to pay them in accordance with the law.

67. The decision and practice by Convergent to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

68. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Convergent employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

71.     Other similarly situated employees of Convergent have been victimized by Convergent's patterns, practices, and policies, which are in willful violation of the FLSA.

72.     The FLSA Collective is defined in Paragraph 50.

73.     Convergent's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Convergent, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

74.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

76.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

77.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

78.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Convergent will retain the proceeds of its systematic violations.

79.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

80.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 50 and notice should be promptly sent to putative class members.

# VI.
# RELIEF SOUGHT

82.     Plaintiff respectfully prays for judgment against Convergent as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 50 and requiring Convergent to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding Convergent liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order awarding the costs and expenses of this action;

e.      For an Order awarding attorneys' fees;

f.      For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

g.      For an Order awarding Plaintiff Rawls a service award as permitted by law;

h.      For an Order compelling the accounting of the books and records of Convergent, at Convergent's own expense;

i.      For an Order providing for injunctive relief prohibiting Convergent from engaging in future violations of the FLSA, and requiring Convergent to comply with such laws going forward; and

j.      For an Order granting such other and further relief as may be necessary and

appropriate.

Date:   October 26, 2021                          Respectfully submitted,

                                                  **ANDERSON ALEXANDER, PLLC**

                                          By:     /s/ Clif Alexander
                                                  **Clif Alexander**
                                                  Federal I.D. No. 1138436
                                                  Texas Bar No. 24064805
                                                  clif@a2xlaw.com
                                                  **Austin W. Anderson**
                                                  Federal I.D. No. 777114
                                                  Texas Bar No. 24045189
                                                  austin@a2xlaw.com
                                                  819 N. Upper Broadway
                                                  Corpus Christi, Texas 78401
                                                  Telephone: (361) 452-1279
                                                  Facsimile: (361) 452-1284

                                                  ***Attorneys for Plaintiff and the Putative
                                                  Class Members***