**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| **QUNESHIA RAWLS**, Individually and on behalf of all others similarly situated,<br>         Plaintiff,<br><br>   v.<br><br>**CONVERGENT OUTSOURCING, INC.,**<br><br>         Defendant. | Case No. 3:21-cv-00303<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |

## PLAINTIFF'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Quneshia Rawls, individually and behalf of all others similarly situated (collectively, "Plaintiff" or "Plaintiff and the Collective Members"), files this Motion ("Motion") to Dismiss with Prejudice and for Approval of Settlement Agreement ("Settlement Agreement" or "Agreement").[1] Defendant Convergent Outsourcing, Inc. ("Convergent" or "Defendant") does not oppose the relief requested in this Motion.

Accordingly, for the reasons set forth below, Plaintiff requests that the Court enter the Proposed Order and dismiss this case with prejudice. The Settlement Agreement executed by the Parties calls for and conditions the settlement of this matter on this agreed upon order and judgment.

---

[1] The Stipulation Regarding Settlement of Collective Action ("Settlement Agreement") contains confidential information and is attached to the Motion for Leave to File Under Seal, as Exhibit A.

## I.
## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Quneshia Rawls filed this case on October 26, 2021, alleging that Convergent violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to pay her and all other similarly situated employees the correct amount of overtime for all hours worked in excess of 40 hours per week. (ECF No. 1 (the "Litigation").) Convergent filed its Original Answer and denied any and all liability to Plaintiff and the Putative Collective Members and asserted that its hourly, non-exempt call-center employees were fully compensated under federal and state law. *See* ECF No. 9. To the extent Plaintiff or the Putative Collective Members were not paid for all hours worked, which Convergent does not concede, Convergent maintains that these underpayments (a) were *de minimis* or otherwise not compensable, (b) did not occur every week, (c) did not occur in weeks where Plaintiff and the Putative Collective Members worked 40 hours or more, and (d) did not affect Plaintiff and Putative Collective Members on a class-wide basis. *See id.*

The Parties have reached an agreement in principle, subject to the Court approving the settlement. This Settlement Agreement, if approved by the Court, will result in the resolution of the Litigation in its entirety, and such resolution shall be with prejudice for all Settlement Collective Members (as defined in the Settlement Agreement), and the waiver and release of all Released Claims (as defined in the Settlement Agreement, including without limitation any state law claims alleged initially or that could have been alleged in the Litigation or otherwise) shall apply to all Settlement Collective Members as defined in the Settlement Agreement.[2]

---

[2] Settlement Collective Members will release all Released Claims, which include any and all claims under the Fair Labor Standards Act ("FLSA"), any claims under the theory of *quantum meruit*, and any other state, federal, or local law or theory related to the payment of wages or any other employment benefits that accrued on or before the Approval Date against any or all of the Convergent Releasees. Released Claims includes known and unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, in law or in equity, whether or not concealed or hidden, asserted or which could have been asserted, including without limitation statutory, constitutional, contractual or common law claims, whether arising under federal or state or other law, against the Convergent Releasees, or any of them, accruing at any point through

## II.
## THIS COURT SHOULD APPROVE THE SETTLEMENT

This matter is brought pursuant to the FLSA. The Parties have thoroughly investigated Plaintiff's allegations and Defendant's defenses. The Parties are represented by counsel with significant experience in wage and hour litigation. The Parties have resolved this matter and contend the Agreement before this Court is a fair and reasonable resolution of the pending claims. The Parties' agreement is contained in the Settlement Agreement, which was fully executed by the Parties on December 9, 2021. The Settlement Agreement involves payments to the Plaintiff and the Collective Members, a payment to Plaintiff's Counsel for attorneys' fees and costs, and the costs of administering the settlement. As part of the Settlement Agreement, Plaintiff and the Collective Members who choose to participate in the settlement will release any and all federal and state law claims they may have for failure to pay wages (including overtime or premium wages pursuant to the FLSA) against the Convergent Releasees (as defined in the Settlement Agreement) relating to events occurring prior to the date of a final judgment in this matter.

**A.     Relevant Legal Standards**

The FLSA does not expressly authorize or expressly require district courts to review settlement agreements reached by litigants in pending FLSA cases. *Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 397 (5th Cir. 2020) (recognizing that private settlement agreements that resolve "a *bona fide* dispute as to the amount of hours worked or compensation due" are enforceable) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)). Indeed, the Fifth Circuit has repeatedly clarified that neither court nor Department of Labor ("DOL") approval is required in a case pending before the court where the private compromise of FLSA claims involves "a bona fide dispute as to the

---

the Approval Date and arising out of the Collective Member's employment by any Convergent Releasee, for failure to pay wages, and any and all associated remedies such as liquidated damages, statutory penalties, civil penalties, interest, fees, costs or any other remedies.

number of hours worked or compensation due." *Stuntz*, 2020 WL 5666543, at *5; *see also Martin*, 688 F.3d at 255. However, out of an abundance of caution, the Parties hereby submit the Settlement Agreement for approval by this Court.

"When a court scrutinizes an FLSA settlement agreement, it must 'determine whether (1) the settlement involves the resolution of a *bona fide* dispute over an FLSA provision and (2) the settlement is fair and reasonable.'" *Tharp v. Energes LLC*, No. 5:15-CV-983-DAE, 2018 WL 7286479, at *2 (W.D. Tex. July 16, 2018) (quoting *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted)). If the settlement meets the above criteria the court may approve the settlement agreement and enter final judgment. *Id.* (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) ("In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'")).

A *bona fide* dispute exists in this case and the Settlement Agreement is fair and reasonable.

**B.    A *Bona Fide* Dispute is Present in This Case.**

Plaintiff asserts that she and the Collective Members were denied overtime wages required under the FLSA. Convergent disputes this claim in their Answer and asserts Plaintiff and the Collective Members have always been properly paid for all hours worked at the rates required under the FLSA. Plaintiff contends that they spent minutes per day logging into software systems required to perform their jobs, and that Defendant did not compensate them for this time. Convergent maintains that it properly instructed all employees, including Plaintiff and the Collective Members, to accurately record all time worked, and that Convergent compensated employees for all time worked, including time spent logging into software systems. Consequently, there is a *bona fide* dispute between

the Parties as to the number of hours worked or compensation due. *See Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-CV-00603-RP, 2015 WL 12866212, at *2 (W.D. Tex. Dec. 23, 2015).

**C.     The Settlement Agreement is Fair and Reasonable.**

A court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiff's Counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of

continued litigation favor approval. The Parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiff's claims and Convergent's defenses were well understood, and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement.

    1.  *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved through multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took appropriate steps in negotiating the comprehensive Settlement Agreement, which includes payment to Plaintiff and the participating Collective Members and payment for Plaintiff's attorneys' fees and expenses. As such, there is no indicia of fraud or collusion.

    2.  *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favors Settlement*

The complexity, expense, and duration of this case (were it not to settle at this time) are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would continue because the Parties continue to disagree regarding the merits of Plaintiff's claims and the amount of damages. The Parties would have engaged in significant substantive discovery and issue of certification would be briefed. The Parties would have likewise filed competing dispositive motions on the claims and defenses at issue in this litigation. Indeed, absent settlement, the Parties will litigate this matter through trial and appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims at issue and the expense and extended duration of continuing litigation, settlement is in the interests of Plaintiff, Defendant, and judicial economy.

*Plaintiff's Unopposed Motion to Dismiss with Prejudice and for Approval of FLSA Settlement Agreement*     Page 6

       3.      *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged in an informal document production wherein Convergent provided relevant pay information to Plaintiff's counsel for the purpose of settlement negotiations. The Parties undertook independent factual investigation of Plaintiff's claims and analyzed the legal issues at hand. The relevant documents favor approval of the settlement because they highlight the complex issues related to Plaintiff's disputed claims regarding payment (and alleged non-payment) of overtime compensation.

       4.      *The Uncertainty of this Litigation Favors Settlement*

Plaintiff and Convergent are well aware of the uncertainty associated with litigation. While Plaintiff is confident in her claims, she also understands that the claims in this case may prove to be unsuccessful, and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiff strongly prefers the certainty of the proposed settlement, payable shortly after Court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Convergent understands the risk of litigating the claims at issue and, although it is confident in its defenses, prefers the certainty of the proposed settlement to the risks and costs associated with continued litigation.

       5.      *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

Plaintiff's Counsel and Convergent's Counsel both created detailed (and multiple) damage models that they used to meaningfully participate in the negotiation process. The Parties not only disputed whether the time at issue was compensable (i.e., liability), but also how much time was spent on the various tasks in question and thus how much in allegedly unpaid wages was at stake. To assess the range of recovery possible, it is necessary to make assumptions about the amount of time spent each week on the tasks that were allegedly performed off-the-clock. The ultimate settlement formula does provide each member of the settlement collective with a payment based on the number of

pertinent weeks worked. Counsel for Plaintiff prepared different models, and they submit that the settlement provides a meaningful percentage of the unpaid wages that could have been claimed, subject to appropriate discounts for the potential loss.[3]

The risk that Convergent would prevail on its defenses also favors settlement. Convergent's affirmative defenses, that the claimed time is not compensable under the Portal to Portal Act, that Convergent has paid customer service agents and employees in similar positions for time spent booting up computers and other systems issues and for short breaks of less than twenty minutes, and that the unpaid time, if any, is *de minimis*, are substantial defenses that, if successful, would result in zero damages being owed to the Plaintiff and the Collective Members. Additionally, if as Convergent claims, that the time spent by Plaintiff and the Collective Members preparing their computer systems and for short breaks of under twenty minutes was (and is) actually paid, they would not be entitled to any damages.

Settlement is equally in Convergent's best interest because the costs of proceeding through trial on the merits are excessive considering the amount of collective damages at issue. Further, should Plaintiff prevail on her claims, Convergent would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiff's Counsel. Accordingly, the Parties agree that the settlement is in their best interest.

      6.    *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC have collectively litigated hundreds of individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. *See* Declaration of Clif Alexander, attached as Exhibit 1, ¶ 5. Based on this experience, Plaintiff's Counsel can confidently report to the Court that

---

[3] Although Plaintiff pled that Defendant's FLSA violations were willful, Plaintiff recognizes that the nature of the claims, in conjunction with the sophistication of the Defendant, would render a willful finding highly improbable as Plaintiff would have the burden of proof on that issue.

this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiff's Counsel, affords Plaintiff and the Collective Members with significant and meaningful financial benefits and provides a certainty for payment.

Further, Convergent, upon the advice of its counsel, agrees that this settlement is in its best interest and seeks approval of the Settlement Agreement.

## III.
## THIS COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEES AND ENHANCEMENT AWARD

A.     **The Requested Attorneys' Fees and Costs Are Fair and Reasonable.**

The attorneys' fees and costs are reasonable and fair as well. Plaintiff's contingency fee arrangement, to which Plaintiffs are bound, provides for the payment of a 40% contingency fee inclusive of costs.[4] *See* Exhibit 1, ¶ 13. A contingency payment in this general range is well within the scope of what courts, including this Court, have approved as reasonable. *See, e.g., Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2092, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018) (recognizing that a 40% contingency fee in an FLSA case was "in line with that approved in other FLSA cases") (citing *Matthews v. Priority Energy Servs., LLC*, No. 6:15-cv-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018); *Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-cv-2567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018); *Legros v. Mud Control Equip. Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13-cv-246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017)); *Wolfe v. Anchor Drilling Fluids USA Inc.*, No. 4:15-CV-1344, 2015 WL 12778393, at *3 (S.D. Tex. Dec. 7, 2015) (approving a 40% contingency fee as reasonable); *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H-04-1965, 2008 WL 9410399, at *10 (S.D. Tex. May 7, 2008) (granting joint motion for approval of settlement and approving 40% contingency fee in an FLSA

---

[4] Although the attorney-client contract between Plaintiff and Plaintiff's Counsel provides for recovery of a 40% contingency fee in addition to costs, Plaintiff's Counsel is seeking only a 40% contingency fee, inclusive of fees and costs.

collective action); *Sandras v. Expeditors & Prod. Serv. Co.*, No. CV 16-0239, 2019 WL 658819, at *3 (W.D. La. Feb. 13, 2019), *report and recommendation adopted*, No. CV 16-0239, 2019 WL 1446481 (W.D. La. Mar. 29, 2019) (same); *Cormier v. Turnkey Cleaning Servs. LLC*, No. 6:15-CV-2076, 2018 WL 5288824, at *4 (W.D. La. Oct. 22, 2018), *report and recommendation adopted*, No. 6:15-CV-02076, 2018 WL 5623596 (W.D. La. Oct. 30, 2018) (same); *Barnard v. Intertek USA Inc.*, No. 4:11-cv-02198, ECF No. 184 (S.D. Tex. Jan. 8, 2014) (order granting joint motion for approval of settlement and approving 40% contingency fee in an FLSA collective action).

**B.    The Enhancement Award is Reasonable.**

The Settlement Agreement is also fair because it provides for a reasonable incentive award to Named Plaintiff Quneshia Rawls, who participated in filing the Original Collective Action. The Settlement Agreement calls for a modest incentive award of $2,500.00, which is consistent with sums typically awarded in collective action settlements. *See, e.g., De Hoyos v. Allstate Corp.*, 240 F.R.D. 269 (W.D. Tex. 2007) (approving award of $5,000 to named plaintiffs in Rule 23(b)(2) class action suit); *Camp v. Progressive Corp.*, No. Civ. A. 01–2680, 2004 WL 2149079 (E.D. La. Sept.23, 2004) (approving award of $10,000 to named plaintiff and awards of $1,000 to $2,500 to other FLSA collective action members who assisted in litigation out of $5.4 million settlement fund); *Purdie v. Ace Cash Express, Inc.*, No. Civ. A. 301CV1754L, 2003 WL 22976611 (N.D. Tex. 2003) (approving award of $16,665 in incentive payments to the named plaintiffs out of $11 million settlement fund); *Henderson v. Eaton*, No. Civ. A. 01–0138, 2002 WL 3145728 (E.D. La. Oct. 25, 2002) (approving award of $3,000 to named plaintiff who participated extensively in litigation); *In re Lease Oil Antitrust Litigation (No. II)*, 186 F.R.D. 403 (S.D. Tex. 1999) (approving awards of up to $10,000 per class representative out of $164.2 million settlement fund). Indeed, the purpose of incentive awards is to compensate plaintiffs for specific expenses and sacrifices. *Silva v. Tegrity Pers. Servs., Inc.*, 986 F. Supp. 2d 826, 838 (S.D. Tex. 2013).

Plaintiff Rawls has been part of this lawsuit since the filing of the Complaint and was instrumental in identifying the alleged wage violations and building the case. She spent substantial time communicating with Plaintiff's Counsel regarding case developments and assisted counsel in understanding Convergent's business. Plaintiff Rawls also worked closely with Plaintiff's Counsel in managing the settlement process and in reviewing and approving the Settlement Agreement. Without the Plaintiff Rawls's participation in this case, the collective action and resulting settlement would have been far less likely. The total settlement fund here easily demonstrates the substantial benefits Plaintiff Rawls has brought to the collective action members as a whole and justifies her incentive award.

## IV.
## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Settlement Agreement attached hereto be approved and that the Court enter the Proposed Order granting this Unopposed Motion to Dismiss with Prejudice and for Approval of FLSA Settlement Agreement.

Date: December 15, 2021      Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys for Plaintiff and the Putative Class Members*

**SESSIONS, ISRAEL & SHARTLE, LLC**

By:    /s/ *Whitney L. White*
**Whitney L. White**
TX Bar No. 24075269
SD TX Bar No. 1330256
wwhite@sessions.legal
900 Jackson Street, Suite 440
Dallas, TX 75202
Telephone: (214) 741-3001
Facsimile: (214) 741-3098

**David Israel**
LA Bar No. 7174
disrael@sessions.legal
**Kevin G. Barreca**
LA Bar No. 24015
SD TX Bar No. 409017
kbarreca@sessions.legal
Two Lakeway Center, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002
T: (504) 828-3700
F: (504) 828-3737

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander